**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry L. Dobstaff, ) | No. CV09-2128-PHX-NVW |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Michael J. Astrue, Commissioner of Social ) Security, ) | |
| ) Defendant. ) ) | |

Before the Court is Plaintiff Perry Dobstaff's Application for Attorney Fees Under the Equal Access to Justice Act. (Doc. 31.) The Court will deny Dobstaff's application.

**I.    Legal Standard**

On a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the government's "position" includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Here, then, it includes the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision. However, it does not include "issues raised by the plaintiff but not addressed by the district court" in its remand order. *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

1  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

## II. Background

The most important question in Dobstaff's disability proceedings was whether he began to suffer from posttraumatic stress disorder (PTSD) on or before December 31, 2002, his last insured date under the Social Security Act. The ALJ concluded that Dobstaff's PTSD had not arisen by that date. This led the ALJ eventually to deny disability benefits.

Dobstaff filed this case in October 2009, asserting four different reasons why the ALJ erred in not awarding benefits. This Court's order disposing of this case (Doc. 29) addressed only one of those reasons: whether the ALJ needed a "medical advisor" to assist him in inferring the date by which Dobstaff began to suffer from PTSD. According to Social Security Ruling (SSR) 83-20:

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20, 1983 WL 31249, at *3. Ninth Circuit authority interpreting SSR 83-20 states that it applies when an ALJ faces "ambiguous" evidence about the onset date. *Armstrong v. Comm'r of SSA*, 160 F.3d 587, 590 (9th Cir. 1998).

The Court expressed concern over whether SSR 83-20 applies where (as in Dobstaff's case) a claimant offers medical experts' opinions — as opposed to a case where neither the ALJ nor the claimant provides solicits an expert's opinion. This Court's review of the sparse Ninth Circuit authority applying SSR 83-20 found that these cases fell into the latter category. *See Armstrong*, 160 F.3d at 590; *Morgan v. Sullivan*, 945 F.2d 1079, 1082–83 (9th Cir. 1991). But review of cases outside the Ninth Circuit applying SSR 83-20 showed that

other courts vacate and remand ALJ decisions based upon this rule even where the claimant had submitted expert medical opinions. *See Morales v. Portuondo*, 243 F.3d 703 (3d Cir. 2001); *Bailey v. Chater*, 68 F.3d 75 (4th Cir. 1995); *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993). (Doc. 29 at 2–3.)

This Court also noted, "No located authority from any Circuit addresses whether a Social Security applicant must preserve the issue for appeal by asking the ALJ to call a medical advisor." (*Id*. at 3 n.1.) But given how SSR 83-20 had been treated by the Ninth Circuit and other Circuits, this Court held that it required the ALJ in all circumstances to call a "medical advisor" when the ALJ faces ambiguous evidence about a disability onset date. The Court accordingly vacated the ALJ's decision and remanded for further proceedings.

**III.   Analysis**

The parties do not dispute that Dobstaff is a "prevailing party" for purposes of the EAJA. The question, then, is whether the ALJ's decision and the Commissioner's defense of that decision in this Court was substantially justified.

**A.   The ALJ's Decision**

Although the ALJ must follow Social Security Rulings, 20 C.F.R. § 402.35(b)(1) (Social Security Rulings "are binding on all components of the Social Security Administration"), and the ALJ's decision here did not mention SSR 83-20, the Court finds that failure to follow it was substantially justified. Ninth Circuit case law on SSR 83-20 is thin. As this Court noted, such case law could be interpreted as applying SSR 83-20 only to a case where neither the ALJ nor the claimant submits a medical expert's opinion. This would be a reasonable interpretation because SSR 83-20 otherwise establishes a potentially (and inexplicably) duplicative procedure, requiring more expert testimony even if a claimant's medical expert testimony gives the ALJ everything he or she needs to infer an onset date. *Compare McClanahan v. Comm'r*, 474 F.3d 830, 837 (6th Cir. 2006) ("[SSR 83-20] contemplates situations when an individual claims disability and there is no development of the medical record on which the ALJ can rely to ascertain onset") *with Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1096 (N.D. Cal. 2001) (interpreting Ninth Circuit precedent

about SSR 83-20 as requiring the ALJ to "consult a medical expert before determining the onset date . . . regardless of how careful and well-supported the ALJ's inference may be"). Thus, the ALJ's failure to follow SSR 83-20 is substantially justified under the facts of this case.

The ALJ was also substantially justified because Dobstaff did not ask the ALJ to call another expert under SSR 83-20. The Court has located no authority holding that failure to invoke SSR 83-20 forfeits the argument, and the Court does not so hold now, but the Court believes such an interpretation would be reasonable in cases (such as this one) where an attorney represents the claimant. The Court recognizes that the ALJ has "an independent duty to fully develop the record." *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992). But if a claimant's attorney goes through the ALJ hearing process without objecting to the ALJ's failure to follow an evidence-gathering rule like SSR 83-20, it creates the potential for sandbagging. "[A] party cannot sit silently by, await the entry of judgment, and only then (having seen the result and having been disappointed thereby) bemoan the court's failure to take evidence." *Pearson v. Fair*, 808 F.2d 163, 166 (1st Cir. 1986). Various courts have expressed concern over the possibility of sandbagging in the Social Security context generally. *See*, *e.g.*, *Sears v. Bowen*, 840 F.2d 394, 400 (7th Cir. 1988); *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008); *Saunders v. Comm'r*, No. 1:08-cv-1136, 2010 WL 1132286, at *6–7 (W.D. Mich. Mar. 3, 2010); *Salazar v. Astrue*, No. 8:08-CV-1030-T-TGW, 2009 WL 2578907, at *4 (M.D. Fla. Aug. 19, 2009).

### B. The Commissioner's Defense of the ALJ's Decision

The Commissioner did not defend the ALJ on any of the grounds described above. Rather, the Commissioner saw a different way to distinguish the Ninth Circuit cases applying SSR 83-20. According to the Commissioner, these cases involved claimants whom the ALJ found to be disabled, but that the disability had not arisen by the last insured date. Dobstaff's case is different, the Commissioner argued, because the ALJ never found that Dobstaff is disabled by PTSD. Instead, the ALJ found only that Dobstaff's PTSD, whether disabling or not, had not arisen by his last insured date.

1    The Court does not rule on the persuasiveness of this argument, but some courts have reached the same conclusion. *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004) ("SSR 83-20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time."); *cf. Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir. 2008) (per curiam) ("SSR 83-20 does not require a medical expert where the ALJ explicitly finds that the claimant has *never* been disabled" (emphasis added)). Accordingly, the Court finds that pursuing this argument was substantially justified.

IT IS THEREFORE ORDERED that Dobstaff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 31) is DENIED.

DATED this 8th day of December, 2010.

_____
James A. Teilborg
United States District Judge